NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

———————————————

IN RE TERMINATION OF PARENTAL RIGHTS AS TO M.K.

No. 1 CA-JV 22-0262
FILED 5-30-2023

———————————————

Appeal from the Superior Court in Mohave County
No. S8015JD202000108
The Honorable Aaron Michael Demke, Judge *Pro Tempore*

**AFFIRMED**

———————————————

COUNSEL

Harris & Winger, PC, Flagstaff
By Chad Joshua Winger, Sarah Snelling
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Autumn Spritzer
*Counsel for Appellee*

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge D. Steven Williams joined.

**P A T O N**, Judge:

**¶1** Jody M. ("Mother") appeals the superior court's order terminating her parental rights. We affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2** We view the facts in the light most favorable to affirming the superior court's findings. *Maricopa Cnty. Juvenile Action No. JS-8490*, 179 Ariz. 102, 106 (1994). Mother is a biological parent of M.K., born in 2015.

**¶3** DCS removed M.K. from Mother's custody in December 2020 and initiated dependency proceedings on multiple grounds, including an unwillingness or inability to parent because of substance abuse and exposing M.K. to domestic violence. Mother pleaded no contest, and the superior court adjudicated M.K. dependent in February 2021.

**¶4** DCS later filed, and the superior court granted, a motion to terminate Mother's parental rights as to M.K. on substance abuse and nine months' out-of-home placement grounds in November 2022. Mother timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") Sections 8-235(A) and 12-120.21(A)(1).

## DISCUSSION

**¶5** To grant a petition to terminate parental rights, the superior court must find (1) by clear and convincing evidence that at least one statutory ground for termination exists and (2) by a preponderance of the evidence that the termination is in the child's best interests. *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 149–50, ¶ 8 (2018); *see also* A.R.S. § 8-533(B) (listing grounds for termination). As the trier of fact, the superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts." *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 4 (App. 2004). Accordingly, we will affirm the superior court's factual findings if supported by reasonable evidence. *Denise R. v. Ariz. Dep't of Econ. Sec.*, 221 Ariz. 92, 93–94, ¶ 4 (App. 2009).

¶6            Mother argues insufficient evidence supported the superior court's findings of substance abuse and out-of-home placement grounds pursuant to Section 8-533(B) and that termination was in M.K.'s best interests.

I.      **Sufficient evidence supports the superior court's finding of chronic substance abuse pursuant to Section 8-533(B)(3).**

¶7            In order to terminate parental rights on the chronic substance abuse ground, the superior court must find that a parent is (a) "unable to discharge parental responsibilities because of . . ." (b) "a history of chronic abuse of dangerous drugs, controlled substances or alcohol," and (c) "there are reasonable grounds to believe that the condition will continue for a prolonged indeterminate period."  A.R.S. § 8-533(B)(3).

¶8            "Chronic substance abuse" is not statutorily defined.  *See Raymond F. v. Ariz. Dep't Econ. Sec.*, 224 Ariz. 373, 377, ¶ 16 (App. 2010).  But "drug abuse need not be constant to be considered chronic" and may be "a condition that has existed or continued for a long time." *Id.*  A temporary abstinence from drugs and alcohol does not necessarily outweigh a significant history of abuse or a consistent inability to abstain during a termination case. *See id.* at 379, ¶ 29.   And the court evaluates the circumstances at the time of the termination hearing.  *Shella H. v. Dep't of Child Safety*, 239 Ariz. 47, 50, ¶ 12 (App. 2016).

¶9            Mother reported she first used alcohol and marijuana at age thirteen.  From 2007-2020, Mother used alcohol, occasionally used other substances, and engaged in domestic violence.  After DCS took custody of M.K., Mother was diagnosed with alcohol abuse with withdrawal and accepted into a residential treatment program.  But she refused to enroll in the program despite regular follow-up from her service providers, to whom she admitted continual drinking and an unwillingness to stop drinking to meet the program's detoxification requirement.  The provider stopped engaging Mother in April 2022 after she said she was doing well and no longer needed services.

¶10           Out of the fifty-six random drug tests Mother took during the approximately fourteen months between DCS taking custody of M.K. and filing its termination motion, Mother tested positive for alcohol forty times and for cannabinoids three times.  She participated in four of fifty-five appointments for random drug and alcohol testing from the time DCS moved to terminate through July 11, 2022: one on March 14, 2022, was positive for alcohol and cannabinoids; two on March 17 and 30, 2022, were

negative; and one on June 10, 2022, was negative, but the results indicated possible efforts to dilute the test. After the last completed test in June, Mother failed to complete the remaining nine tests scheduled through July 11.

¶11 Mother's history of domestic violence concurrent with her alcohol and substance use supports a reasonable inference that Mother was unable to discharge her parental responsibility to keep M.K. safe due to her chronic substance abuse. And Mother's unwillingness and inability to demonstrate sobriety, particularly when her parental relationship with M.K. was at stake, provided reasonable grounds for the superior court to believe her substance abuse would continue. *See Raymond F.*, 224 Ariz. at 379, ¶ 29 (holding same). Although Mother points to the fact that she completed various services and child visitation without any signs of intoxication as evidence that she could discharge her parental responsibilities at the time of trial, we do not reweigh the evidence. *See Alma S.*, 245 Ariz. at 151, ¶ 18. Sufficient evidence supported termination of Mother's parental rights based on the chronic substance abuse ground.

II. **Sufficient evidence supports the superior court's finding that termination of Mother's parental rights is in M.K.'s best interests.**

¶12 Once the superior court finds the existence of a statutory ground for termination by clear and convincing evidence, it can "presume that the interests of the parent and child diverge," *Kent K. v. Bobby M.*, 210 Ariz. 279, 286, ¶ 35 (2005), and shift its focus "to the interests of the child as distinct from those of the parent." *Id.* at 285, ¶ 31. Termination is in the child's best interests if it will benefit the child or if continuing the parent-child relationship will harm the child. *Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 4, ¶ 16 (2016). "[C]ourts should consider a parent's rehabilitation efforts as part of the best-interests analysis" but not "subordinate the interests of the child to those of the parent once a determination of [parental] unfitness has been made." *Alma S.*, 245 Ariz. at 151, ¶ 15. "The child's interest in stability and security must be the court's primary concern." *Id.* at 150, ¶ 12.

¶13 The superior court found termination was in M.K.'s best interests because it would enable M.K. "to achieve permanency and consistency" with a "sober and safe caregiver," through adoption by the family members she was placed with. The court noted that M.K.'s best interests would be further served by termination because those family members could "foster safe contact with [the] biological parents at their discretion" after adoption.

**¶14** The best interests requirement may be met if the petitioner proves that a current adoptive plan exists for a child or even that a child is adoptable. *Demetrius L.*, 239 Ariz. at 3–4 ¶ 12. The DCS case manager testified that M.K. was currently placed with relatives willing to adopt her and that she was "safe," "stable," and happy there. The evidence reasonably supports the superior court's best interests finding.

**¶15** Because only one statutory ground is required to support a termination, we decline to address Mother's arguments regarding the out-of-home placement ground.

## CONCLUSION

**¶16** We affirm.



AMY M. WOOD • Clerk of the Court
FILED:     AA